No. 21-1210

# In the United States Court of Appeals for the Fourth Circuit

HELEN CASSARA and JOYCE RIGGIN,
*Plaintiffs-Appellants*,

v.

PNC BANK, N.A.; the LAW OFFICES OF WILLIAM R. PURCELL, II, PLLC;
WILLIAM PURCELL, II (in his individual and personal capacity);
SCOTLAND HEALTH CARE SYSTEM; SCOTLAND MEMORIAL HOSPITAL, INC.;
CENTURY CARE MANAGEMENT, INC.; DEPAUL ADULT CARE
COMMUNITIES, INC.; WILLIAM NEWTON; SHANNON NEWTON, ABC
CORPORATION 1–5; and JANE DOE and JOHN DOE 1–10;
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Western District of North Carolina
Case No. 3:20-cv-00085-GCM (Hon. Graham C. Mullen)

## Appellee DePaul Adult Care Communities, Inc.'s Motion to Dismiss Appeal for Lack of Jurisdiction and Motion to Suspend Briefing Schedule

Michael D. Phillips
Ryan M. Gaylord
BELL, DAVIS & PITT, P.A.
100 N. Cherry St. Suite 600
Winston-Salem, NC 27101
Telephone: (336) 722-3700
mphillips@belldavispitt.com
rgaylord@belldavispitt.com

*Counsel for Appellee DePaul Adult Care Communities, Inc.*

May 3, 2021

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1, Appellee DePaul Adult Care Communities, Inc. states that it is a nonprofit business corporation that is not a publicly held corporation or a trade association and that no publicly held corporation or similar legal entity holds 10% or more of its stock. Appellee's parent corporation is The DePaul Group, Inc., also a nonprofit business corporation. No publicly held corporation or similar legal entity has a direct financial interest in the outcome of this litigation. This case did not arise out of a bankruptcy proceeding and does not involve an organizational victim of criminal charges.

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Local Rule 27(f), Appellee DePaul Adult Care Communities, Inc. ("Appellee") moves to dismiss this interlocutory appeal for lack of jurisdiction. The district court repeatedly instructed Appellants to amend their complaint to substitute the correct party, and repeatedly granted Appellants' motions to extend the time to do so. When the extended deadline passed without amendment or another motion for

extension of time from the Appellants, the district court had no choice but to dismiss the action without prejudice pursuant to Fed. R. Civ. P. 25(a)(1)—without adjudicating the merits of the underlying claims or the multiple pending motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Because Plaintiffs-Appellants could restore their action by simply amending their complaint with the proper party, the district court's dismissal order is not an appealable final order.  28 U.S.C. § 1291; *see Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015).  Accordingly, Appellee respectfully submits that this Court cannot exercise jurisdiction and must dismiss the appeal.  Appellee additionally moves to suspend the briefing schedule pending disposition of the motion to dismiss.

Pursuant to Fourth Circuit Local Rule 27(a), Appellee has informed counsel for the other parties to the appeal of the intended filing of this motion.  Counsel for Plaintiffs-Appellants opposes this motion to dismiss.  Counsel for all other Defendant-Appellees consent to this motion to dismiss.

## BACKGROUND

In February 2020, Helen Cassara and Joyce Riggin ("Appellants") commenced this action in the United States District Court for the Western District of North Carolina, filing suit against over two dozen named and unnamed defendants, as enumerated in the case caption. (Doc. No. 1). The complaint alleges a vast conspiracy by which the defendants purportedly conspired to defraud Cassara of her home and personal property and to admit her against her will to a series of long-term care facilities, including the licensed adult care home operated by Appellee known as Prestwick Village, where Cassara resided for approximately one month. (*See* Doc. No. 1 at 2–3, 7–21). According to the complaint, the Defendants—including an attorney, bank, health care system, hospital, skilled nursing facility, adult care home, and a host of other unknown corporate and individual parties—engaged in an elaborate scheme to "take[ ] Ms. Cassara for her life's worth" and deprive her of various rights under the Civil Rights Act of 1964 and a wide array of other federal statutes. *Id.*

Separate motions to dismiss the complaint were filed by William R. Purcell, William Newton, and Shannon Newton (Doc. No. 12); PNC Bank,

N.A. (Doc. No. 23); Century Care Management, Inc. (Doc. No. 48); the Scotland healthcare entity parties (Doc. No. 54); and Appellee DePaul Adult Care Communities, Inc. (Doc. No. 58). Meanwhile, Cassara died shortly after the complaint was filed, and certain Defendants notified the district court of that development on April 7, 2020. (Doc. No. 11).

Pursuant to Fed. R. Civ. P. 25(a)(1), this began the mandatory 90-day period to substitute Cassara's successor or representative in the action, expiring on July 7, 2020. The district court specifically held the then-pending motions to dismiss in abeyance "until such time as a substitution of party is made by Ms. Riggin." (Doc. No. 31). But Appellants never did so, instead merely obtaining two separate extensions of time to substitute the correct party. (*See* Doc. Nos. 31, 71, 77; text order dated Sept. 21, 2020).

The extended periods of time to substitute the correct party finally concluded on November 3, 2020, at which time Appellants had failed to either make the requisite substitution or seek another extension of time. Accordingly, the district court dismissed the complaint without prejudice pursuant to Fed. R. Civ. P. 25(a)(1). (Doc. No. 79). The court suggested that either course of action would have been sufficient but concluded that

it had "no choice but to dismiss this action without prejudice." *Id.* at 3. The court specifically proceeded "upon the Court's own motion" (*id.* at 1) and did not rule on the merits of the complaint or the Defendants' numerous pending motions to dismiss.

Appellants' subsequent Motion to Set Aside Order of Dismissal pursuant to Fed. R. Civ. P. 60(b) was denied. (*See* Doc. No. 82). Appellants thereafter filed the instant appeal of the district court's dismissal order. (Doc. No. 86).

## ARGUMENT

This Court may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. 28 U.S.C. §§ 1291, 1292; Fed. R. Civ. P. 54(b); *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949). An order dismissing a complaint without prejudice is not an appealable final order under § 1291 if "the plaintiff could save his action by merely amending his complaint." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066–67 (4th Cir. 1993). After all, "it is the province of the district court—not of the party seeking an appeal—to indicate that an order is final and appealable." *Goode*, 807 F.3d at 629.

In this case, the district court dismissed the action without prejudice and specifically noted that Appellants could have avoided that outcome by simply amending their complaint with the requisite substitution of party. (Doc. No. 79). As such, the district court's dismissal is an interlocutory order over which this Court may not exercise jurisdiction.

Of course, this Court has also recognized that "[d]ismissals without prejudice, however, are not unambiguously non-final orders." *Bing v. Brivo Systems, LLC*, 959 F.3d 605, 612 (4th Cir. 2020). Instead, this Court must examine whether the order "end[ed] the litigation on the merits and [left] nothing for the court to do but execute the judgment." *Go Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 176 (4th Cir. 2007).

The present case, however, falls far short of ending the litigation on the merits and is a quintessential example of a non-final judgment. The district court adjudicated neither the merits of the complaint nor the numerous pending motions to dismiss. (*See* Doc. No. 79). There is nothing of substance for this Court to review beyond the district court's perfunctory compliance with the mandatory procedural rule of Fed. R. Civ. P. 25(a)(1).

Furthermore, when "a plaintiff declines the district court's offer to amend and chooses to stand on his or her complaint," this Court has treated the case "as if it had been dismissed with prejudice" and assumed jurisdiction over the appeal. *In re GNC Corp.*, 789 F.3d 505, 511 n.3 (4th Cir. 2015). In this case, although Appellants failed to amend their complaint, they clearly did not elect to stand on their complaint and face dismissal on that basis; instead, they simply failed to timely comply with the procedural deadlines established by the district court. As a result, the district court was confronted with a fatal procedural roadblock under Fed. R. Civ. P. 25(a)(1) before it even considered the merits of the case. Based on that disposition, this Court certainly cannot conclude that there is "nothing for the court to do but execute the judgment." *Go Computer*, 508 F.3d at 176.

In summary, the dismissal without prejudice in this case indicates that "the plaintiff could save his action by merely amending his complaint." *Domino Sugar*, 10 F.3d at 1066–67. The district court did not rule on the merits of the complaint or the Defendants' numerous pending motions to dismiss. Appellants could have, and could still, proceed with the action by simply adding the correct, substituted party.

Therefore, the district court's dismissal is not a reviewable final order and this appeal is interlocutory.

<u>CONCLUSION</u>

Appellee respectfully moves this Court to dismiss this interlocutory appeal for lack of jurisdiction and suspend the briefing schedule pending this Court's disposition of the motion to dismiss. The district court did not adjudicate the merits of the complaint and never ruled on the Defendants' numerous pending motions to dismiss. Appellants could have proceeded with the action by simply amending the complaint to substitute the proper party and presumably could still do so by re-filing the action to name the proper party.

Respectfully submitted this the 3rd day of May, 2021.

/s/ Michael D. Phillips

Michael D. Phillips
Ryan M. Gaylord
BELL, DAVIS & PITT, P.A.
100 N. Cherry St. Suite 600
Winston-Salem, NC 27101
Telephone: (336) 722-3700
Facsimile: (336) 714-4101
mphillips@belldavispitt.com
rgaylord@belldavispitt.com

*Counsel for Appellee DePaul*
*Adult Care Communities, Inc.*

## CERTIFICATE OF COMPLIANCE

The foregoing complies with the type-volume limitation of Federal Rule of Appellate Procedure Rule 27(d)(2) because it contains 1,346 words, excluding those parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).  The motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5), (6) because it has been prepared in a proportionately spaced typeface using Microsoft Word 2019 in Century Schoolbook 14-point font.

/s/ Michael D. Phillips
Michael D. Phillips
Ryan M. Gaylord
BELL, DAVIS & PITT, P.A.
100 N. Cherry St. Suite 600
Winston-Salem, NC 27101
Telephone:  (336) 722-3700
Facsimile:  (336) 714-4101
mphillips@belldavispitt.com
rgaylord@belldavispitt.com

*Counsel for Appellee DePaul*
*Adult Care Communities, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2021, I filed the foregoing document

through the Court's CM/ECF system, which will serve an electronic copy

on all registered counsel of record.

/s/ Michael D. Phillips
Michael D. Phillips
Ryan M. Gaylord
BELL, DAVIS & PITT, P.A.
100 N. Cherry St. Suite 600
Winston-Salem, NC 27101
Telephone: (336) 722-3700
Facsimile: (336) 714-4101
mphillips@belldavispitt.com
rgaylord@belldavispitt.com

*Counsel for Appellee DePaul
Adult Care Communities, Inc.*